UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT 2012 MAR 15 P 12: 38

-------------------------------------------------x

IRYNA DYMSKAYA                          :
                                        :          U.S. DISTRICT COURT
          Plaintiff                     :          BRIDGEPORT, CONN
                                        :          CIVIL ACTION NO.
                                        :
vs.                                     :
                                        :          JURY TRIAL DEMANDED
OREM'S DINER OF WILTON, INC.            :
                                        :
          Defendant                     :          MARCH 15, 2012
-------------------------------------------------x

## COMPLAINT

The Plaintiff, Iryna Dymskaya, for and as her Complaint, alleges upon personal

information as to her own actions and interactions, and upon information and belief as to

all other matters, as follows:

## PARTIES

1.       The Plaintiff is Iryna Dymskaya ("Dymskaya"), an individual who resides

at 7 Bridge St., # 3, Norwalk, Connecticut.  She is a female of Russian descent.

2.       The Defendant is Orem's Diner of Wilton, Inc. ("Orem's").  Orem's is a

Connecticut company with a business address of 167 Danbury Road, Wilton,

Connecticut.  Orem's employs more than fifteen (15) employees and therefore is subject

to Title VII of the Civil Rights Act of 1964, , 42 U.S.C. § 2000e, et seq., as amended, and

the Connecticut Fair Employment Practices Act, C.G.S. §46a-60, et seq.

## JURISDICTION

3.       On April 29, 2011, Dymskaya filed a Complaint against Orem's with the

Connecticut Commission on Human Rights and Opportunities alleging violations of

C.G.S. § 46a-60(a), et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, in that she was subjected to and experienced workplace harassment based on her gender and national origin, and was constructively discharged from her employment.

4.     On December 23, 2011, the Connecticut Commission on Human Rights and Opportunities issued a "Release of Jurisdiction" with regard to Dymskaya's claims under the Connecticut Fair Employment Practices Act ("CFEPA"). A copy of the Release of Jurisdiction is attached hereto and made a part hereof as "Exhibit A." Accordingly, Dymskaya has exhausted her administrative remedies with respect to her state statutory claims.

5.     On February 7, 2012, the Equal Employment Opportunity Commission issued a "Right to Sue" Letter with respect to Dymskaya's claims under Title VII of the Civil Rights Act of 1964, as amended. A copy of the Right to Sue Letter is attached hereto and made a part hereof as "Exhibit B." Accordingly, Dymskaya has exhausted her administrative remedies with respect to her federal statutory claims.

6.     This Court has subject matter jurisdiction over the federal statutory claims under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

## VENUE

7.     The District of Connecticut is the proper venue for this dispute under 28 U.S.C. § 1391(b), since a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## FACTS

8.      Dymskaya began her employment with Orem's in 2006 as a waitress at the diner located in Wilton, Connecticut.

9.      During her employment, Dymskaya was subject to verbal harassment and an abusive working environment on a continuing basis at Orem's.  Other employees of Orem's were also subject to harassment and abuse, especially the female waitresses.

10.      In fact, Dymskaya left her employment with Orem's in November of 2009 because of the harassment she was subject to at work.  Dymskaya complained to her boss, Bill Papanikolaou, about the harassment at Orem's and was told to stop lying and get out of the kitchen.

11.      Dymskaya returned to work at Orem's a few days later when one of the owners, Joanne Papanikolaou, asked her to come back and assured her that the harassment would not be an issue again.

12.      Dymskaya complained numerous times to her manager, Chris Papanikolaou, and to one of the bosses, Demetrius "Jimmy" Papanikolaou, about the abuse and humiliation she was subject to at Orem's.  Other waitresses complained as well but Orem's took no action to prevent the harassment.  On at least one occasion, Chris Papanikolaou notified Joanne Papanikolaou about Dymskaya's complaints concerning the behavior of a particular employee, Roberto Garcia ("Garcia").

13.      Garcia, a cook at Orem's, constantly harassed and verbally abused Dymskaya on a weekly basis during her employment at the diner.  In addition, Garcia grabbed his genitalia on several occasions directly gesturing at Dymskaya.  Dymskaya repeatedly objected to Garcia's behavior.

3

14.     On several occasions, Dymskaya requested that Orem's take serious measures to stop the constant abuse she was subject to during her employment.   In response, on one occasion, Demetrius "Jimmy" Papanikolaou suggested that Dymskaya should be verbally abusive to Garcia in retaliation for his behavior.   Chris Papanikolaou responded to Dymskaya's complaints about Garcia by saying "it was out of his hands." When Joanne Papanikolaou learned of Dymskaya's complaints about Garcia, she responded by saying "what else is new."   Orem's did not take any action to prevent Garcia's wrongful conduct.

15.     On or about November 3, 2009 at Orem's, Garcia referred to Dymskaya and said "this stinky bitch does not take a shower and smells like a whore! You husband does not fuck her, make her work and take all her money!'

16.     On or about November 6, 2009 at Orem's, Garcia said to Dymskaya "You stinky Russian whore. Get out of the kitchen. Nobody is gonna give a dime for you, you dog. You can suck my dick and call the cops, I don't give a shit."

17.     On or about March 3, 2010 at Orem's, Walter, a dishwasher, purposely grabbed Dymskaya's hair after blowing his nose.   Dymskaya objected to his conduct and told him to stay away from her.   In response, Walter swore at Dymskaya and told her "to shut her fucking mouth."   Dymskaya complained to Orem's about Walter's conduct but Walter continued to use abusive language with her.

18.     On or about March, 2010 at Orem's, Garcia said to Dymskaya "You fucking dog, you should work on the streets as a hooker."

19.     On or about April 25, 2010 at Orem's, Garcia said to Dymskaya "Go fuck yourself and shut your fucking mouth, cocksucker."

20.     On or about October 25, 2010 at Orem's, Garcia said to Dymskaya "You stupid Russian bitch. You are gonna be a waitress for the rest of your life, you fucking whore." A few minutes later, Garcia threatened to shoot Dymskaya.

21.     On or about November 8, 2010 at Orem's, Garcia threatened Dymskaya again and said to her "If I had a gun, I would shoot you, fucking bitch."

22.     Dymskaya notified the Wilton Police Department about Garcia's threatening behavior directed at her. Upon information and belief, Garcia was arrested as a result of his behavior and criminal charges were filed against him in Superior Court in Norwalk, Connecticut.

23.     Upon information and belief, Garcia is an undocumented worker with a criminal record who was deported after Dymskaya's employment with Orem's ended. U.S. Immigrations and Customs Enforcement had an active warrant for his deportation while Garcia was employed at Orem's.

24.     Due to the harassing and threatening behavior Dymskaya was subject to at Orem's, her working environment was so intolerable that she had no choice but to leave her employment.

25.     Dymskaya notified Orem's on November 8, 2010 that it would be her last day on the job.

26.     Dymskaya and other waitresses at Orem's were subject to constant humiliation and abuse while on the job. Derogatory remarks were often directed toward waitresses by management and other employees at Orem's insulting their intelligence and physical appearance. Tony, one of the cooks at Orem's, would routinely make comments to Dymskaya about her buttocks and lips.

27.     In addition, unlike the male cooks and dishwashers at Orem's, the female waitresses were not allowed to park their cars right behind the diner and were forced to use the commuter parking lot down the street.  This resulted in a potentially dangerous environment for waitresses working late at night or early in the morning. Dymskaya raised this issue about parking with Billy Papanikolaou who responded by telling her to keep her mouth shut and to never bring it up again.

28.     As a result of the harassment and abuse Dymskaya was subject to during her employment at Orem's, she has suffered from anxiety, stress, lack of energy, weight fluctuations, and sleeplessness.   Her mental health and her psychological and physical well-being have been harmed as a result of her employment at Orem's.

**COUNT I**
**HOSTILE WORK ENVIRONMENT UNDER  TITLE VII**

29.     Dymskaya repeats and realleges paragraphs 1 through 28, above, as if fully set forth herein.

30.     On a regular basis, Dymskaya was subject to inappropriate and unwanted sexual or sexually charged language and conduct during her employment at Orem's. Through this pervasive, severe and gender-based conduct, Orem's was promoting an abusive employment environment for Dymskaya subjecting her to harassment, altering the conditions of her employment and interfering with her work performance.

31.     Dymskaya was offended by the harassment, which would be equally offensive to a reasonable person.  Dymskaya complained about the harassment to her superiors and various members of Orem's management.  Orem's undertook no meaningful corrective action.

32.     Orem's thereby violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting Dymskaya to a hostile employment environment on the basis of her gender.

33.     As a result of the violations alleged above, Dymskaya suffered emotional distress, pain and suffering, mental anguish and loss of life's enjoyment.  Upon information and belief, Dymskaya will continue to suffer from such damages.

34.     The violations alleged above were carried out with malice and / or reckless indifference to Dymskaya's federally protected rights.  Accordingly, Dymskaya puts Orem's *on notice* that she is seeking punitive damages.

## COUNT II
## HOSTILE WORK ENVIRONMENT UNDER CFEPA

35.     Dymskaya repeats and realleges paragraphs 1-34, above, as if fully set forth herein.

36.     On a regular basis, Dymskaya was subject to inappropriate and unwanted sexual or sexually charged language and conduct during her employment at Orem's. Through this pervasive, severe and gender-based conduct, Orem's was promoting an abusive employment environment for Dymskaya subjecting her to harassment, altering the conditions of her employment and interfering with her work performance.

37.     Dymskaya was offended by the harassment, which would be equally offensive to a reasonable person.  Dymskaya complained about the harassment to her superiors and various members of Orem's management.  Orem's undertook no meaningful corrective action.

38.     Orem's thereby violated Connecticut General Statutes § 46a-60(a) by subjecting Dymskaya to a hostile employment environment based upon her gender.

39.     As a result of the violations alleged above, Dymskaya suffered emotional distress, pain and suffering, mental anguish and loss of life's enjoyment.  Upon information and belief, Dymskaya will continue to suffer from such damages.

40.     The violations alleged above, were carried out with malice and / or reckless indifference to Dymskaya's rights.  Accordingly, Dymskaya puts Orem's **on notice** that she is seeking punitive damages.

**COUNT III**
**HOSTILE WORK ENVIRONMENT UNDER  TITLE VII**

41.     Dymskaya repeats and realleges paragraphs 1 through 40, above, as if fully set forth herein.

42.     On a regular basis, Dymskaya was subject to inappropriate and unwanted derogatory comments and conduct regarding her national origin during her employment at Orem's.  Through this pervasive, severe and wrongful conduct, Orem's was promoting an abusive employment environment for Dymskaya subjecting her to harassment, altering the conditions of her employment and interfering with her work performance.

43.     Dymskaya was offended by the harassment, which would be equally offensive to a reasonable person.  Dymskaya complained about the harassment to her superiors and various members of Orem's management.  Orem's undertook no meaningful corrective action.

44.     Orem's thereby violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting Dymskaya to a hostile employment environment on the basis of her national origin.

45.     As a result of the violations alleged above, Dymskaya suffered emotional distress, pain and suffering, mental anguish and loss of life's enjoyment.  Upon information and belief, Dymskaya will continue to suffer from such damages.

46.     The violations alleged above were carried out with malice and / or reckless indifference to Dymskaya's federally protected rights.  Accordingly, Dymskaya puts Orem's *on notice* that she is seeking punitive damages.

## COUNT IV
## HOSTILE WORK ENVIRONMENT UNDER CFEPA

47.     Dymskaya repeats and realleges paragraphs 1-46, above, as if fully set forth herein.

48.     On a regular basis, Dymskaya was subject to inappropriate and unwanted derogatory comments and conduct regarding her national origin during her employment at Orem's.  Through this pervasive, severe and wrongful conduct, Orem's was promoting an abusive employment environment for Dymskaya subjecting her to harassment, altering the conditions of her employment and interfering with her work performance.

49.     Dymskaya was offended by the harassment, which would be equally offensive to a reasonable person.  Dymskaya complained about the harassment to her superiors and various members of Orem's management.  Orem's undertook no meaningful corrective action.

50.     Orem's thereby violated Connecticut General Statutes § 46a-60(a) by subjecting Dymskaya to a hostile employment environment based upon her national origin.

51.     As a result of the violations alleged above, Dymskaya suffered emotional distress, pain and suffering, mental anguish and loss of life's enjoyment.  Upon information and belief, Dymskaya will continue to suffer from such damages.

52.     The violations alleged above, were carried out with malice and / or reckless indifference to Dymskaya's rights.  Accordingly, Dymskaya puts Orem's *on notice* that she is seeking punitive damages.

## COUNT V
## CONSTRUCTIVE DISCHARGE

53.     Dymskaya repeats and realleges paragraphs 1-52, above, as if fully set forth herein.

54.     Orem's, through its employees, agents and/or servants, as alleged above, made Dymskaya's working conditions so intolerable that she was forced into an involuntary resignation.

55.     The working conditions at Orem's became so intolerable that a reasonable person in Dymskaya position would have felt compelled to resign.

56.     Dymskaya's constructive discharge from her employment with Orem's, as described above, violated one or more important public policies, including: (a) Title VII of the Civil Rights Act of 1964, as amended; (b) C.G.S. §46a-60(a); and/or (e) judicially conceived notions of public policy.

57.     Because Orem's constructively discharged Dymskaya, Orem's is liable for all economic loss sustained by Dymskaya, including, but not limited to, lost compensation, benefits, and interest.

58.     As a result of her wrongful discharge alleged above, Dymskaya suffered emotional distress, anxiety and humiliation.  Upon information and belief, Dymskaya will continue to suffer from such damages.

59.     The violations alleged above, were carried out with malice and /or reckless indifference to Dymskaya's rights.  Accordingly, Dymskaya puts Orem's *on notice* that she is seeking punitive damages.

## COUNT VI
## NEGLIGENT SUPERVISION

60.     Dymskaya repeats and realleges paragraphs 1-59, above, as if fully set forth herein.

61.     Dymskaya reported to Orem's on one or more occasions that Garcia was harassing her and engaging in inappropriate conduct.

62.     Orem's had actual or constructive knowledge of Garcia's behavior and conduct and failed to investigate it, remedy it or prevent future instances of harassment from occurring.

63.     Orem's had the obligation to supervise Garcia so as to prevent his harassing conduct directed toward Dymskaya.

64.     Orem's negligent supervision of Garcia was the direct and proximate cause of Dymskaya suffering from a hostile work environment, discrimination, anxiety, stress and humiliation leading to her constructive discharge.

65.     Accordingly, Orem's is responsible for all economic loss Dymskaya sustained, including, but not limited to, back pay and lost interest.

66.     As the direct and proximate result of Orem's negligent supervision of Garcia, Dymskaya suffered from emotional distress, anxiety, and humiliation.   Upon information and belief, Dymskaya will continue to suffer from such damages.

67.     The negligent supervision alleged above is so egregious that Orem's is liable for punitive damages under applicable law and is hereby put on notice that Dymskaya requests such damages, as echoed in the Wherefore claim herein.


**WHEREFORE,** Dymskaya demands judgment as follows:

A.     On the First Count, judgment against the Defendant as follows:

     1.     Compensatory Damages;

     2.     Punitive Damages;

     3.     Costs and interest;

     4.     Attorney's Fees; and

     5.     Such other relief as the Court deems just and proper.

B.     On the Second Count, judgment against the Defendant as follows:

     1.     Compensatory Damages;

     2.     Punitive Damages;

     3.     Costs and interest;

     4.     Attorney's Fees; and

     5.     Such other relief as the Court deems just and proper.

C.     On the Third Count, judgment against the Defendant as follows:

     1.     Compensatory Damages;

     2.     Punitive Damages;

3.    Costs and interest;

4.    Attorney's Fees; and

5.    Such other relief as the Court deems just and proper.

D.    On the Fourth Count, judgment against the Defendant, as follows:

1.    Compensatory Damages;

2.    Punitive Damages;

3.    Costs and interest;

4.    Attorney's Fees; and

5.    Such other relief as the Court deems just and proper.

E.    On the Fifth Count, judgment against the Defendant as follows:

1.    Compensatory Damages;

2.    Punitive Damages;

3.    Costs and interest;

4.    Attorney's Fees; and

5.    Such other relief as the Court deems just and proper.

F.    On the Sixth Count, judgment against the Defendant as follows:

1.    Compensatory Damages;

2.    Punitive Damages;

3.    Costs and interest;

4.    Attorney's Fees; and

5.    Such other relief as the Court deems just and proper.

Respectfully Submitted,

Maya Murphy, P. C.

By:

Russell J. Sweeting, Esq. (ct24877)
Attorneys for the Plaintiff
266 Post Road East
Westport, CT 06880
Tel. (203) 221-3100
Fax (203) 221-3199
rsweeting@mayalaw.com

14

# EXHIBIT A

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**Iryna Dymskaya**
COMPLAINANT

vs.                                            **DATE: December 23, 2011**

**Orem's Diner**
RESPONDENT

CHRO Case No. 1020381
EEOC No. 16A-2011-00900

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc:  Complainant Attorney Russell Sweeting by email to: RSweeting@mayalaw.com

Respondent's Attorney Gary Phelan by email to: gphelan@cohenandwolf.com

# EXHIBIT B

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Iryna Dymskaya**<br>**7 Bridge T #3**<br>**Norwalk, CT 06855** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2011-00900** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

Enclosures(s)

**Robert L. Sanders,**
**Area Office Director**

FEB 0 7 2012
*(Date Mailed)*

cc:  **OREM'S DINER**
**167 Danbury Rd**
**Wilton, CT 06897**