UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRYNA DYMSKAYA,
    Plaintiff,

v.

OREM'S DINER OF WILTON, INC.,
    Defendant.

No. 3:12-cv-00388 (JAM)

**RULING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Iryna Dymskaya brought this employment discrimination action against her former employer, defendant Orem's Diner of Wilton, Inc. Following a jury verdict partly in her favor, she now moves for an award of attorney's fees. I will grant the motion in substantial part for an award of $113,048 in attorney's fees.

**BACKGROUND**

Among other claims at trial, plaintiff alleged a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff alleged that she endured a battery of gender-based abuse while working at the diner—abuse inflicted predominantly by a single non-supervisory male co-worker—and that the diner's management knew of this situation but did not take reasonable steps to remediate it.

After a three-day trial, the jury returned a mixed verdict. The jury ruled against plaintiff on three out of her four claims (including a claim of constructive discharge), but the jury returned a verdict in favor of plaintiff on her gender-based hostile work environment claim, and the jury also awarded damages of $84,501. Following post-trial motions, I upheld the jury's verdict but reduced the jury's award by $31,000 to a final award of $53,501. *See* Doc. #74. Plaintiff has now moved for an award of attorney's fees.

**DISCUSSION**

Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e–5(k). The Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. *See, e.g., Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted), as well as the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010) (same). I have considered all of these factors in this case.

Plaintiff seeks reimbursement for attorney's fees in a total amount of $149,745, which is purportedly based on a total of 462.60 hours worked by four members of plaintiff's law firm and billed at a blended uniform rate of $375 per hour. An initial problem is that plaintiff's math does not add up. The multiplied product of 462.60 hours at a rate of $375 per hour is $173,475. Despite the fact that defendant pointed out this very basic and obvious math error in its

opposition to plaintiff's fee application, plaintiff filed a reply memorandum that did nothing to clarify the hourly-fee basis for the total fee request.[1]

Defendant has objected on several grounds to plaintiff's fee request. First, defendant contends that plaintiff's limited success on only one of her four claims warrants a significant reduction in the percentage of her fee award. Doc. #81 at 6-8. I am mostly unpersuaded. All of plaintiff's claims were factually intertwined, and plaintiff prevailed on the major claim at issue: that she was subject to a hostile work environment. I do not see how fewer hours would have been expended in this case if plaintiff had not also pressed the other intertwined claims for which the jury did not return a verdict for plaintiff, and defendant has not identified any expenses incurred on losing claims that are meaningfully segregable from the claim that prevailed.

Still, the Supreme Court has emphasized that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). And here the fact that plaintiff did not prevail on her claim for constructive discharge was a significant factor in my decision to reduce her overall award and not to allow for the recovery of back pay. *See* Doc. #74 at 17-18. On balance, I conclude that only a modest 15% reduction to the fee award is warranted on grounds of plaintiff's less than complete success in this case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435-37 (1983); *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d at 152.

Second, defendant argues that plaintiff's fee request is unreasonable because the case did not present novel issues of law, did not involve extensive discovery or pre-trial motions, and required only three days for trial. Doc. #81 at 8-9. I am not persuaded that any of these points warrants a fee reduction. Plaintiff's counsel's work extended over the course of four years from

---

[1] According to defendant, plaintiff's fee rate of $375/hour must have been a typographical error in place of $325/hour. But even substituting a fee rate of $325/hour and multiplying that by 462.60 hours results in an amount slightly higher ($150,345) than plaintiff's fee request ($149,745).

pre-filing representation before the Connecticut Commission on Human Rights and Opportunities and ultimately through trial to the litigation of post-trial motions. Despite the fact that plaintiff has submitted detailed billing entries for each lawyer involved in the case, defendant has not identified any single entry or line of work that was unnecessary in this case. To the extent that defendant complains that plaintiff did not engage in extensive pre-trial discovery, I think this is a further reason to determine that the overall fees incurred were not excessive.

Third, defendant contends that plaintiff's lead counsel's billing entries are vague and the product of improper block billing for multiple tasks. Doc. #81 at 9-11. I do not agree. Attorney Sweeting's time entries are sufficiently detailed to allow a reasonable inference that they occurred in connection with the litigation of plaintiff's case and represented reasonably necessary services. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014) (affirming district court's rejection of challenge to fee application based on alleged "use of block billing, vague descriptions of work, and overabundant staffing").

Fourth, defendant contests the overall requested hourly fee rate of $375. Doc. #81 at 11-15. Defendant concedes that a rate of $325 for plaintiff's lead trial counsel (Russell Sweeting) would be appropriate but contends that $325 per hour is not reasonable for associate counsel (Thomas Moyher) and that Attorney Sweeting performed extensive work in this case that could have been handled and billed at a lower rate by associate counsel. I agree. As to Attorney Sweeting, I conclude in light of his experience and the quality of his performance at trial that a rate of $325 is appropriate. I further conclude that a rate of $250 per hour was reasonable for a fourth-year associate like Attorney Moyher. *See, e.g., Vereen v. Siegler*, 2011 WL 2457534, at *3 (D. Conn. 2011) (awarding associate attorney a rate of $250/hour); *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, 2011 WL 721582, at *6 (D. Conn. 2011)

(awarding $225 to $275 per hour to associates). Moreover, in consideration of billing entries reflecting that most of the billing in this case was incurred by Attorney Sweeting, I agree in light of the lack of complexity involved that at least half of the billing in this case could capably have been handled by Attorney Moyher or another associate. Accordingly, I will apply a blended rate of $287.50—halfway between the rates of $325 and $250—for the 462.60 hours of billings incurred in this case.

All in all, I will calculate the total fee as follows: 462.60 hours billed, multiplied by $287.50/hour, subject to an overall 15% reduction to reflect plaintiff's lack of complete success. This results in a total fee award of $113,048.

## CONCLUSION

Plaintiff's motion for attorney's fees is GRANTED in substantial part and in the total amount of $113,048. Plaintiff has previously submitted a bill of costs that the Court has granted in the amount of $1,151.21. Doc. #83. The Clerk of Court shall prepare an amended judgment reflecting these fee and costs awards.

It is so ordered.

Dated at New Haven this 4th day of January 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge